United States District Court
Eastern District of Pennsylvania

Charles Talbert                           Civil Action
        v.                                No. 18-1501-MAK
Frank Begalis
Mercedes Benz USA
City of Philadelphia
Morton Towing & Recovery      Amended Complaint

1. Plaintiff is an adult individual.
2. Frank Begalis (Begalis) is an individual, employed by Mercedes Benz USA, in Fort Washington Pennsylvania.
3. Mercedes Benz USA (Benz) is a corporation.
4. City of Philadelphia (the City) is a municipality.
5. Morton Towing & Recovery (MTR) is a corporation.
6. Plaintiff, in 2016, bought a Mercedes Benz (1999 S-420 series) from a friend for $10,000.00.
7. After buying the vehicle he had it registered under his name to solidify the vehicle to being his owned property.
8. Shortly thereafter, Plaintiff realized that he had a problem with the ignition of his vehicle, and accordingly, had Begalis from Benz take a look at it.
9. Begalis, a member of the services department of Benz in Fort Washington, informed Plaintiff that his vehicle needed repairs done to the ignition.
10. Plaintiff, thereafter, paid Benz and Begalis approximately $1400.00, plus, to have his ignition repaired.
11. Plaintiff, additionally paid another $100.00, plus, for a new key to that ignition.
12. Shortly thereafter, Plaintiff had unintentionally lost his car keys, and therefore, was in need of a replacement transponder key to start up his car.

13. Begalis, represented to Plaintiff, that Benz and himself would be able to replace Plaintiffs' car keys for a cost.
14. Plaintiff, agreed, and believed both Benz, and Begalis, could make things right by replacing Plaintiffs' lost transponder key.
15. However, Benz, and Begalis, perpetrated a fraud, knowing that they wouldn't be able to provide Plaintiff with a replacement transponder key, committing a false representation.
16. After Begalis' false representations, as aforementioned, Plaintiff:
    (A) was deprived of a required transponder key;
    (B) deprived a transponder duplicate key from any other locksmith; and
    (C) forced to have his vehicle parked in front of his house without the ability to move it.
17. Approximately a year later, through the City's' known unconstitutional practice of taking peoples vehicles without adequate, and/or any procedural due process, MTR, towed Plaintiffs' vehicle without warning him or placing him on notice, first.
18. Plaintiff filed a complaint against the City, and MTR, and in an attempt to cover up its unconstitutional practice, sent Plaintiff an out-dated ticket, and other out-dated documents, once the federal government became aware.
19. Pursuant to Article VI of the U.S. Constitution and Marbury v. Madison, 5 U.S. 137 (1803), the Supreme Court held that Congress "cannot" pass laws that are contrary to the Constitution, and that it is the role of the Judicial System to interpret what the Constitution permits.
20. The Fourteenth Amendment of the US Constitution makes it clear that ... No State shall deprive any person of ... property without "first" providing that person some form of due process, nor, shall the State deny

any person within its jurisdiction the equal protection of the laws.

21. The City, and MTR, both deprived Plaintiff any form of notice (i.e. ticket and/or hearing) prior to the taking of his vehicle, which clearly violated his guaranteed Fourteenth Amendment right from illegal government intrusion of his property.

22. The City and MTR attempted to cover-up their illegal and unconstitutional actions as aforementioned, by mailing Plaintiff out-dated parking tickets, and/or other out-dated documents.

23. Benz and Begalis made false representations, through misrepresentations, on how they would be able to provide Plaintiff a replacement transponder key, that was never provided.

24. Benz made false advertisements on their servicing websites in regards to how they will gaurantee that Plaintiffs' vehicle would be serviced without any complications.

25. However, this false advertisement, was deemed to be misrepresented, by Begalis, and Benz, causing Plaintiff his vehicle to be towed away by MTR, and the City, due to their significant widespread practice of taking vehicles without due process.

26. The City and MTR, abused its power without first abiding by federal authority, and taking Plaintiffs' vehicle without first providing him any process and/or just compensation, and additionally thereafter, sent Plaintiff harassing letters about Plaintiff having to pay money even after his rights were violated as aforesaid, therefore denying Plaintiff equal protection of the laws in place of providing individuals the mandated process afforded them.

Wherefore, due to the Defendants actions, and inactions as aforesaid, Plaintiff now seeks damages in the total amount of $50,000.00.

I hereby verify under penalty of perjury that the foregoing is true and correct.

September 24, 2018

Charles Talbert
Pro Se, Plaintiff