# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CHARLES TALBERT,** | : |
| | : |
| Plaintiff, | : CIVIL ACTION |
| | : No. 2:18-cv-01501-MAK |
| v. | : |
| | : |
| **CITY OF PHILADELPHIA, et al.,** | : |
| | : |
| Defendants | : |

## ORDER

AND NOW, this _____ day of _____, 2018, upon consideration of the Defendant the City of Philadelphia's Second Motion to Revoke Plaintiff's Pauper Status and Dismiss for Failure to State a Claim, it is **HEREBY ORDERED** that the Motion is **GRANTED** and that Plaintiff's *in forma pauperis* status is revoked and the Amended Complaint is dismissed as to Defendant the City of Philadelphia **WITH PREJUDICE**.

BY THE COURT:

_____
KEARNEY, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CHARLES TALBERT,** : | |
| : | **CIVIL ACTION** |
| Plaintiff, : | No. 2:18-cv-01501-MAK |
| : | |
| v. : | |
| : | |
| **CITY OF PHILADELPHIA, et al.,** : | |
| : | |
| Defendants : | |

# DEFENDANT THE CITY OF PHILADELPHIA'S
## SECOND MOTION TO REVOKE PLAINTIFF'S PAUPER STATUS
## AND DISMISS FOR FAILURE TO STATE A CLAIM

Defendant the City of Philadelphia, by and through the undersigned counsel, hereby files this Second Motion to Revoke Plaintiff's Pauper Status and Dismiss for Failure to State a Claim pursuant to Federal Rule of Civil Procedure 12(b)(6).  In support of this motion, Defendant incorporates the attached Memorandum of Law. Defendant respectfully requests this Court revoke Plaintiff's *in forma pauperis* status and dismiss the claims asserted against it with prejudice.

Date:  August 11, 2018          Respectfully submitted,

                                                                                    /s/ Andrew F. Pomager
                                                                                   Andrew F. Pomager
                                                                                   Assistant City Solicitor
                                                                                   Pa. Attorney ID No. 324618
                                                                                   City of Philadelphia Law Department
                                                                                   1515 Arch Street, 14th Floor
                                                                                   Philadelphia, PA 19102
                                                                                   215-683-5446 (phone)
                                                                                   215-683-5397 (fax)
                                                                                   andrew.pomager@phila.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CHARLES TALBERT,** | : |
| Plaintiff, | : CIVIL ACTION<br>: No. 2:18-cv-01501-MAK |
| v. | : |
| **CITY OF PHILADELPHIA, et al.,** | : |
| Defendants | : |

**MEMORANDUM IN SUPPORT OF DEFENDANT THE CITY OF PHILADELPHIA'S SECOND MOTION TO REVOKE PLAINTIFF'S PAUPER STATUS AND DISMISS FOR FAILURE TO STATE A CLAIM**

Plaintiff Charles Talbert's Second Amended Complaint against, *inter alia*, Defendant the City of Philadelphia (the "City") should be dismissed because Plaintiff has failed to plead how the City was in any way connected to the towing of his vehicle by a private party, much less present any facts that would support the existence of a policy or practice necessary to establish municipal liability against the City. Moreover, Plaintiff's Second Amended Complaint represents yet another frivolous filing in his long history of abusing his *in forma pauperis* status. The Court should therefore revoke his *in forma pauperis* status.

**I.     BACKGROUND**

Plaintiff initiated this action against, *inter alia*, the City on April 10, 2018, apparently alleging the City failed to provide due process in connection with the towing of his vehicle. See Compl. (ECF No. 2); 2d Am. Compl. at ¶¶ 17, 26 (ECF No. 31). After the Court's dismissal of the Amended Complaint, Plaintiff filed a Second Amended Complaint on September 28, 2018. 2d Am. Compl. (ECF No. 31).

### A. Plaintiff's Litigation History

Since June 14, 2012, Plaintiff has filed 67 actions in the United States District Court for the Eastern District of Pennsylvania. At least 19 of these cases, in which Plaintiff proceeded *in forma pauperis*, were dismissed as frivolous, malicious, or failing to state a claim. For brevity, a more detailed account of Plaintiff's litigation history is incorporated by reference to the City's prior motion to revoke Plaintiff's pauper status and dismiss for failure to state a claim. See Mot. Dismiss at 1–4 & Exs. A–D (ECF No. 18). Pursuant to that motion, the Court previously dismissed Plaintiff's Amended Complaint in this action as "facially frivolous after two attempts to plead a claim." Order 9/18/18, at 1 (ECF No. 26).

### B. Plaintiff's Allegations in the Instant Action

In the Second Amended Complaint, Plaintiff appears to allege that Defendants Mercedes Benz USA and Frank Regalis did not satisfactorily provide Plaintiff with a replacement key to his car. See 2d Am. Compl. at ¶¶ 7–10 (ECF No. 31). Accordingly, Plaintiff was "forced" to park it in front of his house "without the ability to move it." 2d Am. Compl. at ¶ 16(c) (ECF No. 4). Approximately a year later, Defendant Morton Towing & Recovery ("MTR") towed Plaintiff's car. 2d Am. Compl. at ¶ 17 (ECF No. 31). Plaintiff does not identify any alleged relationship between MTR and the City, much less plead any facts to support such a relationship exists. Rather, he alleges the City did not provide notice prior to MTR's removal of his car, in violation of his Fourteenth Amendment due process rights. See 2d Am. Compl. at ¶¶ 17, 21 (ECF No. 31). Plaintiff also alleges, in conclusory fashion, that the City has a "significant widespread practice of taking vehicles without due process." 2d Am. Compl. at ¶ 21 (ECF No. 31).

## II. ARGUMENT

A plaintiff cannot survive a motion to dismiss under Rule 12(b)(6) without stating a claim to relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The plaintiff

must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Under this standard, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Put differently, while a court should accept the truth of a complaint's factual allegations, it should not credit a plaintiff's "bald assertions" or "legal conclusions." Anspach v. City of Philadelphia, 503 F.3d 256, 260 (3d Cir. 2007). "Legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." Id. (quotation marks omitted).

Although a pro se plaintiff's pleading should be construed liberally, it still must meet the Iqbal plausibility standard. Phillips v. Northampton Cnty., 687 Fed. App'x 129, 131 (dismissal of pro se plaintiff's complaint appropriate) (3d Cir. 2017) (citing Fantone v. Latini, 780 F.3d 184, 193 (3d Cir. 2015)).

### A. The Court Should Revoke Plaintiff's *In Forma Pauperis* Status Because His Litigation History Demonstrates He has Abused The Status

28 U.S.C.A § 1915 authorizes courts to permit indigent individuals to proceed *in forma pauperis*. "[A]ny court of the United States *may* authorize the commencement, prosecution or defense of any suit, action, or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit" demonstrating that person is unable to afford such fees or security. § 1915(a) (emphasis added). In In re McDonald, the United States Supreme Court noted that individuals proceeding *in forma pauperis* would not be financially deterred from filing frivolous lawsuits, as their paying counterparts would be. 489 U.S. 180, 184 (1989) (per curiam). Recognizing that lower courts had issued orders to "curb serious abuses," by *in forma pauperis* parties, the Court denied *in forma pauperis* status to a non-prisoner who had filed numerous petitions that had all been rejected. Id. at 183–84; see also Zatko v. California, 502 U.S. 16 (1991) (per curiam) (denying *in forma pauperis*

3

status to one individuals who had filed 73 petitions over 10 years and another who had filed 45 petitions over 10 years).

In 1996, § 1915 was amended to add the "three strikes provision", requiring that

[i]n no event shall a prisoner bring a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

§ 1915(g); see also Aruanno v. Davis, 168 F. Supp. 3d 711, 715 (D.N.J. 2016). In extreme circumstances, a court may deny *in forma pauperis* status to an otherwise qualified litigant. See Douris v. Middletown Twp., 293 F. App'x 130, 132 (3d Cir. 2008) (district court did not err by denying *in forma pauperis* status to party who had filed nine civil rights lawsuits without merit from 1999 to 2006). Relying on In re McDonald and Douris, the Aruanno court similarly denied *in forma pauperis* status to a non-prisoner who had at least 33 civil rights actions, at least 13 of which had been dismissed between 2011 and 2014. Aruanno, 168 F. Supp. 3d at 713, 716. There, the court crafted a discretionary rule for a non-prisoner seeking *in forma pauperis* status, mirrored on § 1915(g). Id. at 716. Accordingly, the court acknowledged that the plaintiff had "many more than three" strikes and was not under imminent danger of serious physical injury. Id. at 716–17; but see Credico v. Facebook, Inc., No. 14-881, 2014 WL 988470, at *2 (E.D. Pa. Mar. 12, 2014) (granting *in forma pauperis* status to non-prisoner who had accumulated three strikes because "for [plaintiff] to be subject to the PLRA's three strikes provision, § 1915(g), he must have been a prisoner at the time he filed this action").

Although Plaintiff filed this action when he was not incarcerated, and thus falls outside of the three strikes provision as codified at § 1915(g), the Court should revoke his *in forma pauperis* status under the discretionary power granted by the plain language of § 1915(a) and In

4

re McDonald. Plaintiff has clearly taken advantage of *in forma pauperis* status with his frequent, repetitive, and meritless filings. He has demonstrated that he has no financial, or other, incentives to restrain himself from initiating frivolous actions. Meanwhile, the Court and an array of defendants—but never Plaintiff—have borne the expense of this frivolous litigation. If Plaintiff has not created an "extreme situation," warranting a denial of *in forma pauperis* status, it is hard to imagine what plaintiff would. Indeed, Plaintiff's 67 filings over eight years far outpaces the filing rates in Zatko, Douris, and Aruanno. Similarly, Plaintiff's 19 meritless filings beats Douris's 9 or Aruanno's 13.

### B.   The Court Should Dismiss Claims Against the City Because Plaintiff Did Not Plead Facts Plausibly Establishing the Elements of a Monell Claim

A municipality cannot be held liable under § 1983 for its employees' constitutional torts by way of respondeat superior. McGreevy v. Stroup, 413 F.3d 359, 367 (3d Cir. 2005) (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978)). Rather, under Monell, a municipality may be liable in one of three ways. Id. (citing Monell, 436 U.S. at 694). First, the municipality may be liable if the employee acted pursuant to a government policy or custom. Monell, 436 U.S. at 694. Second, the municipality may be liable if the employee had policy-making authority. McGreevy, 413 F.3d at 367. Third, the municipality may be liable if an official with authority ratified the unconstitutional actions of the subordinate employee. Id.

In Wood v. Williams, the United States Court of Appeals for the Third Circuit affirmed the dismissal of a Monell claim. The plaintiff in Wood set forth a series of conclusory allegations that "simply paraphrase[d]" the elements of Monell liability. Id. at 103–04. The Court held that such "conclusory and general" averments were insufficient and "fail[ed] to satisfy the rigorous standards of culpability and causation required to state a claim for municipal liability. Id. at 104 (citations and quotation marks omitted). Put differently, averments that "amount to a mere

recitation of the . . . elements required to bring forth a Monell claim . . . are insufficient to survive a motion to dismiss." Butler v. City of Philadelphia, No. 11-7891, 2013 WL 5842709, at *2 (E.D. Pa. Oct. 31, 2013).

Likewise, the United States Court of Appeals for the Third Circuit has held on multiple occasions that a complaint which neglects "to allege conduct by a municipal decisionmaker" cannot survive a motion to dismiss its Monell claim." McTernan v. City of York, 564 F.3d 636, 658–59 (3d Cir. 2009); see Rees v. Office of Children & Youth, 473 F. App'x 139, 143 (3d Cir. 2012) (holding that a complaint cannot state a Monell claim if it "fails to link the alleged offending policies or customs to anyone within [a municipality] who had policy-making authority"); see also Andres v. City of Philadelphia, 895 F.2d 1469, 1481 (3d Cir. 1990) (noting that a municipal decisionmaker in a § 1983 case must possess "final, unreviewable discretion to make a decision or take an action").

As in his Amended Complaint, Plaintiff here attempted to allege municipal liability in baldly conclusory terms, stating simply that the City has a "significant widespread practice of taking vehicles without due process." 2d Am. Compl. at ¶ 25 (ECF No. 31). Plaintiff still has alleged no facts permitting the City or the Court to assess what, if any, policy or practice that might be. Plaintiff has still failed to allege any individuals involved in the removal of his vehicle, a municipal policymaker who developed the alleged policy or practice, or how the alleged policy or practice caused the removal of his vehicle. Plaintiff has not identified the connection between the City and MTR such that the City should be liable for its actions. Plaintiff's conclusory addition of the City to this action leaves it without any information to put it on notice of what it supposedly did wrong, most likely because it did nothing wrong.

  **C. The Court Should Dismiss Claims Against the City Because Plaintiff Did Not Plead Facts that Would Plausibly Establish A Constitutional Violation**

  The Constitution does not require pre-deprivation notice and hearing for a municipality to tow an illegally parked vehicle. <u>Allen v. City of Kinloch</u>, 763 F.2d 335, 336 (8th Cir. 1985); see <u>Lynch v. Fenerty</u>, No. 11-3579, 2012 WL 3046244, at *2 (E.D. Pa. July 26, 2012). In <u>Lynch</u>, the Court found that Philadelphia's policies used to effect towing of vehicles by law enforcement satisfied the requirements of the Fourteenth Amendment. <u>Lynch</u>, 2012 WL 3046244, at *2. Plaintiff has alleged no facts that permit the City to determine how it was involved, why the vehicle was towed, or in what way the City deviated from its constitutionally valid procedures for towing vehicles. Further, assuming Plaintiff received no notice, this was not constitutionally required if Plaintiff's car was parked illegally. Plaintiff's pleading is utterly conclusory, in that it simply alleged he was not afforded due process.

**III. CONCLUSION**

  For all the foregoing reasons, the Court should revoke Plaintiff's *in forma pauperis* status and dismiss Plaintiff's claims against Defendant the City of Philadelphia with prejudice.

Date: October 11, 2018         Respectfully submitted,

                 /s/ Andrew F. Pomager
                Andrew F. Pomager
                Assistant City Solicitor
                Pa. Attorney ID No. 324618
                City of Philadelphia Law Department
                1515 Arch Street, 14th Floor
                Philadelphia, PA 19102
                215-683-5446 (phone)
                215-683-5397 (fax)
                andrew.pomager@phila.gov

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CHARLES TALBERT,** | : |
| | : |
| Plaintiff, | : **CIVIL ACTION** |
| | : No. 2:18-cv-01501-MAK |
| v. | : |
| | : |
| **CITY OF PHILADELPHIA, et al.,** | : |
| | : |
| Defendants | : |

## CERTIFICATE OF SERVICE

I hereby certify that on the date below the Defendant The City of Philadelphia's Second Motion to Revoke Plaintiff's Pauper Status and Dismiss for Failure to State a Claim was filed via the Court's electronic filing system and is available for downloading. I also certify that a copy has been served upon the Plaintiff by email, as follows:

Charles Talbert
prince7ske@gmail.com
*Appearing pro se*

Date:  October 11, 2018                    Respectfully submitted,

                                                               /s/ Andrew F. Pomager
                                                             Andrew F. Pomager
                                                             Assistant City Solicitor
                                                             Pa. Attorney ID No. 324618
                                                             City of Philadelphia Law Department
                                                             1515 Arch Street, 14th Floor
                                                             Philadelphia, PA 19102
                                                            215-683-5446 (phone)
                                                            215-683-5397 (fax)
                                                            andrew.pomager@phila.gov