# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHARLES TALBERT** | : | **CIVIL ACTION** |
| v. | : | **NO. 18-1501** |
| **CITY OF PHILADELPHIA,** *et al.* | : | |

## MEMORANDUM

**KEARNEY, J.**                                                                                                                                           **October 31, 2018**

Charles Talbert alleges a Mercedes Benz dealership service employee failed to provide him a transponder key to his car after he paid for it and the dealership refunded his payment. One year later, the City of Philadelphia allegedly towed his car from outside of his house because it would not start. He seeks a total of $50,000 in damages on the theory Mercedes Benz, through its employee, falsely represented it could provide him a key, and the City later towed his vehicle in violation of his constitutional rights.

After two attempts, Mr. Talbert's claims against the City and a car dealership employee —like his Mercedes—just will not start. Mr. Talbert fails to plausibly allege the City violated his constitutional rights in exercising its police power in towing his car. He also fails to properly plead our subject matter jurisdiction over his wholly unrelated state law claims against Mr. Regalis, a non-diverse Pennsylvania citizen. We dismiss Mr. Talbert's claims against the City with prejudice because providing leave to amend for the third time would be futile. We dismiss Mr. Talbert's state law claims against Mr. Regalis without prejudice to Mr. Talbert timely pursuing them in state court.

## I. Alleged facts

After purchasing his Mercedes Benz from a friend in 2016, Charles Talbert realized the vehicle's ignition had "a problem."[1] Frank Regalis, an employee in the service department at Mercedes Benz's Fort Washington, Pennsylvania dealership, informed Mr. Talbert he needed repairs.[2] Mr. Talbert paid Mercedes Benz approximately $1,400 to repair the ignition along with another $100 for a new key.[3] Mr. Talbert does not allege whether Mercedes performed the repairs; he alleges only that "[s]hortly thereafter," he "unintentionally lost his car keys" and needed a replacement transponder in order to start his car.[4] He again turned to Mr. Regalis, who represented Mercedes Benz "would be able to replace [the] car keys for a cost."[5] Mr. Talbert agreed.[6] Mr. Talbert does not allege what amount, if any, he paid to replace the lost transponder.

Mr. Talbert apparently never received a transponder key.[7] Mr. Talbert alleges Mr. Regalis made false representations on behalf of Mercedes Benz.[8] As a result, Mr. Talbert alleges, he was "forced" to park his vehicle "in front of his house without the ability to move it."[9] "Approximately a year later," Morton Towing & Recovery towed Mr. Talbert's vehicle from his house.[10] Mr. Talbert alleges he received no prior notice.[11] After the towing, Mr. Talbert "filed a complaint" and in return received "an outdated ticket and other outdated documents."[12]

Mr. Talbert then filed this case alleging a due process or takings claim against the City and the towing company which he claims acted as its agent, and state law false advertising claims against Defendants Mr. Regalis and his employer Mercedes Benz. Mr. Talbert "seeks damages in the total amount of $50,000.00"[13] Only the City and Mr. Regalis have been properly served in this action.[14] The City and Mr. Regalis each move to dismiss Mr. Talbert's claims and revoke his *in forma pauperis* status.[15] We dismiss Mr. Talbert's claims against the City with prejudice, dismiss Mr. Talbert's state law claims against Mr. Regalis without prejudice to Mr.

Talbert pursuing the claims in state court, and deny as moot Defendants' request to revoke Mr. Talbert's *in forma pauperis* status.

## II. Analysis

We recently dismissed Mr. Talbert's First Amended Complaint under Federal Rule of Civil Procedure 8, finding Mr. Talbert's allegations "make[] no sense."[16] We observed Mr. Talbert failed to allege a "nexus between the City, the car dealer (or its service person) and the towing company."[17] Despite explaining Mr. Talbert could not proceed on these claims without curing this defect, Mr. Talbert has again failed to allege these critical details.

Mr. Talbert first fails to allege a coherent and plausible claim against the City. Mr. Talbert may only proceed to discovery on his claim against the City under 42 U.S.C. § 1983 if he plausibly alleges his "constitutional rights were violated as a result of a municipal policy or well-settled custom of deliberate indifference to the violation of those rights."[18] Mr. Talbert, however, makes no such plausible allegation. Mr. Talbert's claims rest entirely on the City's failure to provide him "warning" or "plac[e] him on notice."[19] A hearing, however, "is not required prior to towing a vehicle,"[20] and Mr. Talbert does not allege he was deprived of an opportunity to appear and contest the towing. Mr. Talbert alleges no information about the status of his vehicle following the towing. He alleges only after the towing, he "filed a complaint" and the City sent him "an outdated ticket."[21] Mr. Talbert does not allege the City acted without authority or the ticket lacked a basis or he ever contested its merits. Mr. Talbert does not state a plausible claim to relief.

We also dismiss Mr. Talbert's claims against Mr. Regalis. Mr. Talbert alleges only state law causes of action against Mr. Regalis. Mr. Talbert's allegations are insufficient to invoke our diversity jurisdiction, the exercise of which requires an amount in controversy in excess of

3

$75,000, exclusive of interest or costs[22] and "[c]omplete diversity" [23] of the parties. Mr. Talbert seeks only $50,000 in damages and does not allege Mr. Regalis is a citizen of a state besides Pennsylvania, the state in which he works.

We decline to exercise supplemental jurisdiction over Mr. Talbert's state law claims against Mr. Regalis. Under 28 U.S.C. § 1367, we may exercise supplemental jurisdiction over "claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."[24] This standard is satisfied when "state and federal claims . . . derive from a common nucleus of operative fact."[25] Supplemental jurisdiction may be proper, our Court of Appeals explains, if the federal and state claims "are merely alternative theories of recovery based on the same acts."[26] If, however, the state law claims are "totally unrelated to a cause of action under federal law," exercise of supplemental jurisdiction is improper.[27]

Where, however, "all federal claims are eliminated before trial, a federal court should normally hesitate to exercise jurisdiction unless considerations of judicial economy, convenience, and fairness to litigants counsel otherwise."[28] We see no such concerns implicated here. Mr. Talbert's claims against Mr. Regalis are "totally unrelated" to his claims against the City.[29] His fraud claims against Mr. Regalis occurred one year before his federal claims against the City. He fails to state how these claims against these unrelated defendants relate to one another, or even how one claim implicates the other. We express no opinion on the merits of Mr. Talbert's state law claims against Mr. Regalis. We dismiss Mr. Talbert's state law claims against Mr. Regalis without prejudice to Mr. Talbert bringing them in state court.

4

## III. Conclusion

We grant the City's and Mr. Regalis's Motions to dismiss in the accompanying Order. After two attempts, Mr. Talbert cannot plead a constitutional claim against the City. Allowing further amendment against the City is futile as we cannot imagine a fact scenario plead in good faith which would allow a claim against the City for a towing company's actions in towing Mr. Talbert's Mercedes Benz vehicle from the street because it would not start. As we dismiss the only state actor with prejudice, we lack supplemental jurisdiction over Mr. Regalis and dismiss claims against him without prejudice to timely seeking a remedy in state court. Mr. Talbert has not affected service upon the other two named defendants, Morton Towing & Recovery and Mercedes Benz USA. Mr. Talbert has yet to plead a federal claim against either of these unserved entities.

We decline to revoke Mr. Talbert's *in forma pauperis* status without prejudice to other parties seeking to revoke his status should he pursue frivolous claims outside of our subject matter jurisdiction.

---

[1] Second Amended Complaint, ECF Doc. No. 31 at ¶¶ 6, 8.

[2] *Id.* at ¶ 9.

[3] *Id.* at ¶¶ 10–11.

[4] *Id.* at ¶ 12.

[5] *Id.* at ¶ 13.

⁶ *Id.* at ¶ 14.

⁷ *See id.* ¶¶ 9–17.

⁸ *Id.* at ¶¶ 15–16.

⁹ *Id.* at ¶ 16.

¹⁰ *Id.* at ¶ 17.

¹¹ *Id.*

¹² *Id.* at ¶ 18.

¹³ *Id.* at 3.

¹⁴ *See* ECF Doc. Nos. 21–22.

¹⁵ *See* ECF Doc. No. 32 (City's Motion to Dismiss and revoke Plaintiff's status); ECF Doc. No. 36 (Frank Regalis's Motion to revoke Plaintiff's *pauper* status and dismiss for failure to state a claim). When considering a motion to dismiss "[w]e accept as true all allegations in the plaintiff's complaint as well as all reasonable inferences that can be drawn from them, and we construe them in a light most favorable to the non-movant." *Tatis v. Allied Insterstate, LLC*, 882 F.3d 422, 426 (3d Cir. 2018) (quoting *Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010)). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Our Court of Appeals requires us to apply a three-step analysis under a 12(b)(6) motion: (1) "it must 'tak[e] note of the elements [the] plaintiff must plead to state a claim;'" (2) "it should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth;'" and, (3) "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (quoting *Iqbal*, 556 U.S. at 675, 679).

¹⁶ ECF Doc. No. 26.

¹⁷ *Id.*

¹⁸ *Thornton v. City of Philadelphia*, No. 04-2536, 2005 WL 2716484, at *2 (E.D. Pa. Oct. 20, 2005).

¹⁹ ECF Doc. No. 31 at ¶ 17.

6

[20] *Lynch v. Fenerty*, No. 11-3579, 2012 WL 3046244, at *2 (E.D. Pa. July 26, 2012).

[21] ECF Doc. No. 31 at ¶ 18.

[22] 28 U.S.C. § 1332.

[23] *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010).

[24] 28 U.S.C. § 1367(a).

[25] *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966).

[26] *Lyon v. Whisman*, 45 F.3d 758, 761 (3d Cir. 1995) (citation and internal quotation marks omitted).

[27] *Id.*

[28] *Bloom v. Indep. Blue Cross*, No. 14-2582, 2018 WL 5275227, at *6 (E.D. Pa. Oct. 24, 2018)

[29] *Lyon*, 45 F.3d at 761.